FILED
JEANNE A. NAUGHTON, CLERK
OCT 29 2018
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY KR                    DEPUTY

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| |
|---|
| In re: <br><br> HEATHER SHEPHERD, <br><br> Debtor. |
| THERESA GRABOWSKI, <br><br> Plaintiff, <br><br> v. <br><br> HEATHER SHEPHERD, <br><br> Defendant. |

Case No. 18-13180 (JNP)

Chapter 7

Adv. Pro. No. 18-01239

## OPINION

**JERROLD N. POSLUSNY, J.R., U.S. Bankruptcy Judge**

There are two motions before the Court. Plaintiff, Theresa Grabowski, filed a motion for default judgment against Debtor/Defendant, Heather Shepherd, for failure to plead (the "Default Motion," Dkt. No. 8). Thereafter, Defendant filed a cross-motion to vacate default judgment (the "Cross-Motion," Dkt. No. 9). Plaintiff filed a response to the Cross-Motion, arguing that she satisfied procedural due process by serving the summons and complaint on Defendant's Chapter 7 attorney, and that Defendant failed to allege facts to support a meritorious defense. Dkt. No. 11. For the reasons detailed below, the Court will set aside the entry of default against Defendant and DENY the Default Motion.

## BACKGROUND

On February 19, 2018, Defendant filed a petition under Chapter 7 of the Bankruptcy Code. Prior to the petition date, Plaintiff obtained a judgment in the Superior Court of Camden County on account of services rendered to the Defendant. On May 14, 2018, Plaintiff commenced an adversary proceeding against Defendant, seeking nondischargeability of debt under sections 523(a)(2), (4), and (6). Plaintiff served the summons and complaint to only Defendant's Chapter 7 attorney. Defendant failed to file a responsive pleading. Plaintiff then filed a request for entry of default and the Default Motion. The Clerk entered a default against Defendant on July 30, 2018.

On September 14, 2018, Defendant filed the Cross-Motion, arguing that she did not receive the summons and complaint. She also contends that her Chapter 7 attorney was not the attorney of record in this adversary proceeding at the time he received the summons and complaint. The Cross-Motion was brought under Rule 60(b)(1), made applicable by Fed. R. Bankr. P. 9024. Plaintiff argues that serving Defendant's Chapter 7 attorney satisfied service requirements under the Bankruptcy Rules. Alternatively, Plaintiff argues that Defendant failed to allege sufficient facts in support of the Cross-Motion. The Court held a hearing on the Default Motion and the Cross-Motion on October 16 and took the matter under advisement.

## DISCUSSION

Although the Cross-Motion was filed under Rule 60(b), it is governed under Rule 55, made applicable by Fed. R. Bankr. P. 7055. Rule 55(c) states that a "court may aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." There is a stark distinction between Rule 55(c) and Rule 60(b). Both rules require courts to apply similar criterion to determine whether or not to set aside a default, but "[t]he Third Circuit has indicated that the

standard for setting aside a default is less stringent than for setting aside a default judgment." Mettle v. First Union Nat'l Bank, 279 F.Supp.2d 598, 601 (D.N.J. 2003) (citing Felicano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982) ("Less substantial grounds may be adequate for setting aside a default. . . .")). A defendant need only show good cause to set aside a default under Rule 55(c), whereas a defendant must establish one of the tests enumerated under Rule 60(b) in order to set aside a default judgment. See In re Bernstein, 113 B.R. 172, 173 (Bankr. D.N.J. 1990). Because the Court has not entered a default judgment, it need only determine whether "good cause" exists to set aside a default.

A decision on whether to set aside a default is within the Court's discretion. U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Generally, a court should consider the following factors when asked to set aside a default under Rule 55(c), whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; (3) the default was the result of the defendant's culpable conduct. Id. at 195. However, these factors evaporate if service of process was ineffective. Courts have concluded that an entry of default may be set aside where service of process is lacking. See, e.g., Mettle, 279 F.Supp.2d at 603 n.3 (court need not consider the factors to vacate a default entry where service of process is lacking); Smalls v. Buckalew Frizzell & Crevina LLP, 2014 WL 2889645, at *1 (D.N.J. 2014) ("failure to effect proper service constitutes good cause" to set aside entry of default); Asphalt Paving Sys. Inc. v. Gen. Combustion Co., 2014 WL 4931294, at *2 (D.N.J. 2014) (same); Thiele v. Cablevision, 2016 WL 886213, at *1 (D.N.J. 2016) (same); Church-El v. Bank of New York, 2013 WL 1190013, at *3-6 (D.Del. 2013) (granting defendant's motion to set aside entry of default for insufficient service of process and denying plaintiff's motion for default judgment); Citizens Bank v. Decena, 562 B.R. 202, 207-208 (S.D.N.Y. 2016) (bankruptcy court abused its discretion when it declined to set aside an entry of

default despite ineffective service of process). An entry of default "presumes effective service of process, [and] failure to effect proper service may, without more, constitute good cause to set aside an entry of default." Asphalt Paving Sys., 2014 WL 4931294, at *2. The Court agrees.

Setting aside a default for lack of service of process is consistent with the Third Circuit's policy of disfavoring defaults, and the overriding principle that courts should reach decisions on the merits. Gross v. Stereo Component Sys. Inc., 700 F.2d 120, 122 (3d Cir. 1983). Furthermore, it makes little sense to deny an application to set aside a default where service of process is lacking and enter a default judgment that might be void. See Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("a default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."). Service of process to a defendant is a basic requirement and "[f]ailure to give notice [or service] violates the most rudimentary demands of due process of law." Peralta v. Heights Med. Ctr. Inc., 485 U.S. 80, 84 (1988) (internal quotation marks omitted). "The core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses or objections." Henderson v. U.S., 517 U.S. 654, 672 (1996). Proper service not only assures that a defendant's rights will not be terminated in secret, but also allows a defendant to take immediate steps to avoid the imposition of liability. Furthermore, actual notice of a summons and complaint is insufficient to cure a defective service of process. See Stranahan Gear Co., Inc. v. NL Indus. Inc., 800 F.2d 53, 56-58 (3d Cir. 1986) (improper service by mail deprived court of personal jurisdiction even though third-party defendant had actual notice of the summons and complaint).

Plaintiff argues that serving the summons and complaint to Defendant's Chapter 7 attorney was proper. Service of process in an adversary proceeding is governed by Bankruptcy Rule 7004.

4

Bankruptcy Rule 7004(b)(9) instructs a plaintiff to serve a debtor "<u>by mailing a copy of the summons and complaint to the debtor</u> at the address shown in the petition or to such other address as the debtor may designate in a filed writing." Fed. R. Bankr. P. 7004(b)(9) (emphasis added). Bankruptcy Rule 7004(g) further states: "If the debtor is represented by attorney, <u>whenever service is made upon the debtor under this Rule</u>, service shall also be made upon the debtor's attorney . . . ." Id. 7004(g) (emphasis added). "[S]trict compliance with [Bankruptcy] Rule 7004 serves to protect due process rights as well as to assure bankruptcy matters proceed expeditiously." In re M&L Bus. Mach. Co., 190 B.R. 111, 115-16 (Bankr. D. Colo. 1995).

Cause exists here to set aside the default against Defendant because Plaintiff failed to meet the requirements of Bankruptcy Rule 7004(b)(9). Plaintiff only served the summons and complaint to Defendant's Chapter 7 attorney. Plaintiff asserts, nonetheless, that Defendant failed to set forth a meritorious defense and that service was proper under Bankruptcy Rule 7004(b)(8). However, application of a meritorious defense or the factors discussed above are not necessary if service of process is lacking. See Mettle, 279 F.Supp.2d at 603 n.3. Moreover, Bankruptcy Rule 7004(b)(8) does not apply because Defendant's Chapter 7 attorney was not authorized to receive service of process. See Reckling v. Okechuku, 2007 WL 2473831, at *5 (D.N.J. 2007). In Reckling, the court stated:

> [A]n attorney does not necessarily become an agent authorized in every instance to receive service of process on behalf of an individual whom they represent . . . . However, service on the attorney is effective as to the client if the attorney is expressly or impliedly authorized to accept service for the client . . . . Implied authority can be inferred from the particular conduct in question, and from the particular circumstances in the case.

Reckling v. Okechuku, 2007 WL 2473831, at *5 (internal quotation marks omitted).

No agency relationship exists here to show that Defendant's Chapter 7 attorney was authorized to receive service. Plaintiff's attorney argued at the hearing that Form 2030 required Defendant's Chapter 7 attorney to represent Defendant in her adversary proceeding. But, Paragraph 7 of Form 2030 filed on the petition date, expressly states that the attorney's fee agreement with the Defendant did not include "[r]epresentation of the debtors in any dischargeability actions . . . or any other adversary proceeding." Disclosure of Compensation of Attorney for Debtor(s). Considering this provision, the Court concludes that there was no implied agency relationship and Plaintiff should have served Defendant as required under Bankruptcy Rule 7004(b)(9). Merely because Defendant's Chapter 7 attorney agreed to represent Defendant in her bankruptcy case does not equate to representation in an adversary proceeding. See, e.g., In re Notman, 2015 WL 5025265, at *3 (Bankr. E.D.Cal. 2015) ("Typically, the court will recognize an agreement that limits an attorney's representation to an underlying bankruptcy case and excludes representation in an adversary proceeding filed in the bankruptcy case.").

## CONCLUSION

For the foregoing reasons, the Court will set aside the clerk's entry of default and DENY the Default Motion. Defendant shall file a responsive pleading to the complaint within twenty-one (21) days.

Dated: October 29, 2018

JERROLD N. POSLUSNY, J.R.
U.S. BANKRUPTCY JUDGE